## JAMES DEWEY v. WILLIAM HASTINGS.

*Replevin—Waiver of return by defendants—Judgment for value.*

Where a plaintiff uses a writ of replevin to obtain possession of property, to which he fails to establish his right of possession or title, the defendant, upon showing his ownership of the property, has his election to take a return, or waive it and take a judgment for the value of the property taken.

So *held*, where, under a writ of replevin from justice's court, the officer seised goods similar in character and description to those described in his writ, but not the identical goods mentioned in the writ, and in the bill of sale under which plaintiff claimed, which latter goods plaintiff had demanded of defendant, who had refused to surrender them to plaintiff; and it is held that if the wrong property was taken it was plaintiff's fault, it being his duty to point out the property to the officer, and to know, when it was turned over to him, whether it was the property which he was seeking to gain possession of.

Error to Wayne. (Gartner, J.) Argued January 14, 1890. Decided January 24, 1890.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Parker & Burton,* for appellant.

*Charles G. Smith (S. S. Babcock,* of counsel), for defendant.

LONG, J. This action of replevin was commenced in justice's court, where defendant had judgment for the value of the property, the return of which was waived, for $318. From this judgment plaintiff appealed to the circuit court for Wayne county, where the cause was tried before a jury, and defendant again prevailed, and had judgment for the value of the property at $330.84. Plaintiff brings error.

On the trial it appeared that in 1886 one Charles G. Smith, being indebted to Carlton H. Mills, gave him a bill of sale of a quantity of household furniture and other property, which was located in several different places in Detroit. The property continued in the possession of Smith, the bill of sale being designed as security for the indebtedness. A controversy having arisen between Smith and Mills, arbitrators were appointed, and under their direction the goods were turned over temporarily to the possession of Mr. Hastings, the defendant. Mr. Hastings made a memorandum of the goods as described in the bill of sale, and gave it to Mr. Mills. In the fall of 1887 Mr. Mills assigned his interest in the bill of sale and goods to the plaintiff, who after demand made on Hastings for the goods, and refusal to deliver them over, brought his action of replevin. It appears that Dewey never saw the goods. They were stored at 563 Fourteenth avenue, at which place the officer executing the writ was directed to go to find them. The officer at that place found goods answering the description of those in the writ, and took and delivered them to the plaintiff.

On the trial the plaintiff gave evidence tending to show these facts, and claimed that the goods taken were those described in the bill of sale, memorandum, and writ of replevin. The defendant gave evidence tending to show that the goods actually taken were not the same goods so described, but were other goods of the defendant, and which neither Mills nor plaintiff ever had any claim upon, and claimed the right to recover their value on the trial, he waiving a return. The issue thus made was submitted to the jury, the court charging:

"It is asserted by the defendant that these goods were not enumerated in the bill of sale, not mentioned in this bill of sale, and that they were his goods, * * * and, if you find that to be the fact, * * * you will have

to pass on the question of the value of the goods. The defendant, having waived a return of the property, would be entitled to recover what the goods were worth. * * * If Mr. Hastings was the owner of the goods, why, then, he is entitled to their value.

Plaintiff assigns error upon this part of the charge. This constitutes the only claim of error in the case insisted upon here. On the argument of the case in this Court it is admitted that the officer did not take under his writ the goods mentioned in the writ of replevin and bill of sale, but other goods similar in character and description. It is, however, claimed by counsel for plaintiff that the court was in error in the charge; that under the undisputed evidence the plaintiff had the right of possession of the goods described in the bill of sale and writ of replevin, which the defendant refused to surrender on demand, and the fact that the officer took and delivered other goods not described in the writ did not debar the plaintiff in having judgment for the goods demanded, and which were described in the writ; that, if goods were wrongfully taken under the writ,—goods not described therein,—the remedy of the defendant was a separate action against the plaintiff for their return or value, but that this question was not in litigation in the suit then being tried.

There was no error in the charge as given, and counsel are in error in their claim that the defendant must, under such circumstances, be remitted to separate action. The goods were actually replevined, taken under the writ, and turned over to the possession of the plaintiff by virtue of the writ. He used the writ to obtain possession of the property, and, failing to establish his right of possession to the property, or his title, the defendant, upon showing he was the owner of the property replevined, had his election to take return, or waive return and take judg-

ment for the value. The case is no different than though he had taken the property described in the writ, and upon the trial failed to prove his right to possession or title. In either case, the goods for which defendant has a right to take judgment for value have been wrongfully taken from the possession of the defendant by the use of the writ, and one case does not differ in principle from the other. If the plaintiff has taken the wrong property under the writ, it is his own fault. His duty is to point out the property to the officer, and, when the property is replevined and turned over to his possession, he should know whether it is the property which he is seeking to get into his possession. The judgment for the property taken would not bar him of his appropriate action.

There is no error appearing in the record, and the judgment must be affirmed, with costs.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred. MORSE, J., did not sit.